■ PHILIP S. CAPANO, Doing Business as RITE-ON REALTY Co., Respondent, v LENA SOSTILIO et al., Appellants.—Order, Appellate Term, First Department, affirming judgment of Civil Court, Bronx County, entered December 12, 1978, reversed, on the law, and judgment directed in favor of defendants-appellants, dismissing the complaint, with costs. Plaintiff-respondent, a real estate broker, has sued defendant owner and prospective seller of realty, and the latter's lawyer; there is also a cause for tortious interference with a contract, that alleged between plaintiff and the owner. The proposed contract was conditioned on the buyer's ability to secure a $46,000 mortgage by June 30, 1973. The sales price was to be $59,000, 10% payable at contract, the balance at closing on August 31. There was an oral agreement for a $4,000 commission, more than standard, because plaintiff undertook to procure the mortgage for the buyer, ordinarily the latter's obligation. Plaintiff drew up a commission contract accordingly but, on the advice of his lawyer, the owner refused to sign it. Though plaintiff threatened not to move until the agreement was signed, he attempted without success to get an expected mortgage from a bank, and, after being rebuffed, from others. Apparently, plaintiff's suit is based on an accusation that the

seller thwarted his performance. However, having undertaken to deliver a mortgage, he cannot charge the seller with his own failure. Nor can he accuse the lawyer or the seller of tortious interference with a contract that was not viable (General Obligations Law, § 5-701, subd a, par 10), nor, because of no showing of intent to injure, of so-called prima facie tort. In sum, though the prospective buyer may have been ready and willing to close the deal, he was not able, a prime ingredient of successful brokerage. The complaint should have been dismissed. Concur—Birns, J. P., Fein, Sullivan, Markewich and Lupiano, JJ.